Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| ANABEL FIGUEROA ESCRIBANO<br><br>V.<br><br>VÍCTOR TRINIDAD CONCEPCIÓN<br><br>Recurridos<br><br>**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**<br><br>Peticionaria | TA2025CE00160 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.:<br>F AL2014-0501<br><br><br>Sobre:<br>Alimentos |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece la Administración para el Sustento de Menores (ASUME) y solicita que revisemos una *Orden* emitida y notificada el 12 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] En esta, se ordenó a ASUME recuperar una suma de pensión alimentaria depositada en una cuenta incorrecta debido a un error en el número de caso (*CSE Agency Case Identifier*) consignado en la *Orden de Retención de Ingresos*.

Por las razones que expondremos a continuación, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari*.

### II.

El 18 de octubre de 2024, el TPI emitió una *Orden de Retención de Ingresos para Alimentos* para que el patrono del señor Víctor Trinidad Concepción descontara de su cheque la pensión alimentaria de su hija y lo remitiera a la cuenta de ASUME.[2]

---

[1] Anejo 5 en el expediente TA2025CE00160 en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones.
[2] *Íd.*, Anejo 7.

Sin embargo, el 5 de marzo de 2025, el señor Trinidad Concepción notificó que la señora Anabel Figueroa Escribano solicitó una vista de desacato, ya que no recibió los pagos de pensión alimentaria. Esgrimió que el número de caso incluido en la *Orden de Retención* era erróneo y los pagos se depositaron en otra cuenta. Ante ello, solicitó corregir el número de caso de ASUME y aclarar el reembolso del dinero descontado desde noviembre de 2024.[3]

En la vista de desacato del 13 de marzo de 2025, el TPI constató que se depositaron $1,858.12 a una cuenta errónea y ordenó a ASUME recuperar esa suma y depositarlo en la cuenta correcta.[4]

Durante la vista del 12 de mayo de 2025, ASUME indicó que no contaba con un procedimiento para recobrar el dinero sin mediar un error de su parte.[5] Empero, se ofreció a brindar la información de la persona que recibió los pagos. No obstante, el Foro recurrido reiteró que ASUME debía resolver la situación internamente.

En igual fecha, el TPI emitió una *Orden* para que ASUME recobrara la suma en treinta (30) días, señalando que la agencia tenía los medios para correlacionar la información con las partes.[6]

El 9 de junio de 2025, ASUME presentó una *Comparecencia Especial,* en la que expuso que el patrono del señor Trinidad Concepción erró al consignar incorrectamente el número del caso y el seguro social. Indicó que las *Órdenes de Retención de Ingresos* no obraban en su expediente y no estaba autorizada para realizar gestiones de cobro. Empero, el 12 de junio de 2025, el TPI declaró No Ha Lugar a la petición de ASUME y le concedió treinta (30) días finales para cumplir con la *Orden* del 12 de mayo de 2025.[7]

---

[3] *Íd.*, Anejo 9.
[4] *Íd.*, Anejo 10.
[5] *Íd.*, Anejo 13.
[6] *Íd.*, Anejo 5. Notificada el 12 de mayo de 2025.
[7] *Íd.*, Anejo 3. Notificada el 16 de junio de 2025.

El 27 de junio de 2025, ASUME solicitó reconsideración,[8] la cual el TPI denegó mediante una *Orden* del 30 de junio de 2025.[9] En esta, le concedió veinte (20) días a la agencia para cumplir con la *Orden* del 12 de junio de 2025, so pena de sanciones.

Inconforme, el 17 de julio de 2025, ASUME acudió ante nos mediante la presentación de una *Petición en Auxilio de Jurisdicción* y de un recurso de *certiorari* en el que alegó que el Foro Primario cometió el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAROLINA, AL DECLARAR NO HA LUGAR LA COMPARECENCIA ESPECIAL EN SOLICITUD DE RECONSIDERACIÓN Y OTROS EXTREMOS ORDENÁNDOLE A LA ASUME REALIZAR GESTIONES DE RECOBRO DE DINERO CUANDO LA ORDEN DE RETENCIÓN DE INGRESO EXPEDIDA CON EL NÚMERO DE IDENTIFICADOR DE CASO ESTABA [ERRÓNEA].

Luego de examinar el señalamiento de error, procederemos a resolver sin trámite ulterior, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

## II.

El *certiorari* es el vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones de un tribunal inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras,* 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC,* 194 DPR 723, 728 (2016). Este Tribunal posee la facultad discrecional de expedir o denegar un recurso de *certiorari* ya que, de ordinario, se trata de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en las que este Tribunal puede expedir un auto de *certiorari* sobre asuntos interlocutorios civiles.

---

[8] *Íd.,* Anejo 2.
[9] *Íd.,* Anejo 1. Notificado el 1 de julio de 2025.

*McNeill Healthcare LLC v. Municipio De Las Piedras, supra.* En lo pertinente, el recurso procede únicamente para revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos relacionados a la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar hasta la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra dentro de las instancias antes mencionadas, este Tribunal carece de autoridad para intervenir. El propósito de esta normativa es evitar la dilación que implicaría la revisión inmediata de controversias que pueden atenderse en un recurso de apelación. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593-594 (2011).

Por otro lado, la Regla 40 del *Reglamento del Tribunal de Apelaciones, supra,* R. 40, establece los criterios que debemos considerar al ejercer nuestra facultad discrecional para atender una petición de *certiorari.* A saber, este Tribunal debe evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Si se deniega la expedición del auto de *certiorari,* no es necesario exponer las razones que sustentan dicha determinación. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 594. En tal escenario, este Tribunal no asume jurisdicción sobre el asunto planteado ni dispone de este en sus méritos. *Torres González v. Zaragoza Meléndez, supra,* pág. 848.

### III.

A tenor con la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, y la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, no encontramos fundamento alguno para ejercer nuestra discreción de intervenir con la *Orden* recurrida. Por entender que la misma no es contraria a Derecho, denegamos la expedición del auto de *certiorari.* No nos parece razonable la contención de ASUME de estar impedida de actuar en este asunto al no haber sido la agencia quien cometió el error, pues aduce que no cuenta con un procedimiento para recuperar el dinero, trámite que sí existe cuando el error es cometido por la entidad. Nótese que el presente asunto es uno en el que, -que con la debida colaboración de ASUME con el Foro Primario- quien posee las facultades para dictar las ordenes que entienda pertinentes, entre las que podría estar la citación a una vista de todas las partes con interés, incluyendo la persona en cuya cuenta se depositó erróneamente el dinero retenido por concepto de pensión, no debe haber mayor litigio sobre la necesidad de la devolución y correcta adjudicación del dinero en controversia.

En vista de lo anterior, de igual forma declaramos No Ha Lugar petición de auxilio de jurisdicción presentada por ASUME.

### IV.

Por los fundamentos que anteceden, se declara No Ha Lugar a la solicitud de auxilio de jurisdicción y se deniega la expedición del auto de *certiorari* solicitado por ASUME.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese Inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones